UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
---------------------------------------------------------------------------- X
TRUSTEES OF THE EMPIRE STATE CARPENTERS
WELFARE, PENSION, ANNUITY, APPRENTICESHIP,
CHARITABLE TRUST, LABOR MANAGEMENT
COOPERATION and SCHOLARSHIP FUNDS,

                                                           **ORDER**
                     Plaintiffs,            11-CV-5715 (ADS) (AKT)

        -against-

PARAMOUNT CC, INC.,

                                Defendant.
----------------------------------------------------------------------------X

**APPEARANCES:**

**Selvin & Hart, P.C.**
*Attorneys for the Plaintiffs*
1625 Massachusetts Ave, N.W.
Suite 450
Washington, DC 20036
      By: Owen M. Rumelt, Esq., Of Counsel

**NO APPEARANCE:**

Paramount CC, Inc.

**SPATT, District Judge.**

On November 22, 2011, the Plaintiffs Trustees of the Empire State Carpenters Welfare, Pension, Annuity, Apprenticeship, Charitable Trust, Labor Management Cooperation and Scholarship Funds ("the Plaintiffs") commenced this action against the Defendant Paramount CC, Inc. ("the Defendant"). Pursuant to § 502 of the Employee Retirement Security Act of 1974, as amended, 29 U.S.C. § 1132, and § 301 of the Labor Management Relations Act of 1948, 29 U.S.C. § 185, the Plaintiffs sought an audit of the Defendant's books and records and any unpaid

contributions that may be determined by the audit.  The Plaintiffs also sought interest, liquidated damages, audit costs, and attorneys' fees and costs.

On March 5, 2012, the Clerk of the Court noted the default of the Defendant and on March 26, 2012, the Plaintiffs moved for a default judgment against the Defendant.  On April 5, 2012, this Court referred the matter to United States Magistrate A. Kathleen Tomlinson for a recommendation as to whether the motion for a default judgment should be granted, and if so, whether damages should be awarded, including reasonable attorneys' fees and costs.

On February 11, 2013, Judge Tomlinson issued a Report and Recommendation (the "Report") recommending that (1) a default judgment be entered against the Defendant in the amount of $1,957.00; (2) the Defendant be ordered to permit the Plaintiffs to conduct an audit of the Defendant's books and records for the period covering July 1, 2008 through the entry of judgment; (3) such audit be conducted within thirty (30) days after notice of entry of judgment; and (4) once the audit is completed, the Plaintiffs may take appropriate steps to recover unpaid contributions, interest, liquidated damages and audit costs.  (Report at 12.)  To date, there have been no objections filed to the Report.

In reviewing a report and recommendation, a court "may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge."  28 U.S.C. §636(b)(1)(C).  "To accept the report and recommendation of a magistrate, to which no timely objection has been made, a district court need only satisfy itself that there is no clear error on the face of the record."  Wilds v. United Parcel Serv., 262 F. Supp. 2d 163, 169 (S.D.N.Y. 2003) (citing Nelson v. Smith, 618 F. Supp. 1186, 1189 (S.D.N.Y. 1985)).  The Court has reviewed Judge Tomlinson's Report and finds it to be persuasive and without any legal or factual errors.  There being no objection to Judge Tomlinson's Report, it is hereby

**ORDERED**, that Judge Tomlinson's Report and Recommendation is adopted in its entirety. The Court grants the Plaintiffs' motion for a default judgment against the Defendant in the amount of $1,957.50. In addition, the Court directs the Defendant to permit the Plaintiffs to conduct an audit of the Defendant's books and records for the period covering July 1, 2008 through the entry of judgment. The audit must be completed within thirty (30) days after notice of entry of judgment. Once the audit is completed, the Plaintiffs may take appropriate steps to recover unpaid contributions, interest, liquidated damages and audit costs; and it is further

**ORDERED**, that the Clerk of the Court is directed to enter judgment in favor of the Plaintiffs as set forth above; and it is further

**ORDERED**, that the Clerk of the Court is directed to close the case.

**SO ORDERED.**

Dated: Central Islip, New York
March 2, 2013

*/s/ Arthur D. Spatt*
ARTHUR D. SPATT
United States District Judge